## Landon License

712

*Anna Belle Jones*, for appellant.

*William C. Kuhn*, for Commonwealth.

STRANAHAN, P. J., February 6, 1968.—On April 12, 1967, Riccord E. Landon and his girl friend, Mona Hopkins, were driving an automobile in the Borough of Fredonia. The automobile was owned by Landon. Mona Hopkins was at that time not licensed to drive an automobile in the Commonwealth of Pennsylvania, and her boy friend, Mr. Landon, was giving her an opportunity to learn to drive. The two of them were in Landon's car, and Mona Hopkins was seated on the extreme left front seat in a position normally reserved for the driver, and Mr. Landon was immediately to her right. The arrangement was that Mona Hopkins would put her hands on the steering wheel and would steer the car, but Mr. Landon would work the brakes and gas pedal, and would also keep his hands on the wheel at all times. Under this arrangement, Miss Hopkins would obtain some experience steering the car, subject to the supervision of Mr. Landon.

While the car was being operated in this manner, the State Police stopped the vehicle and charged defendant, Riccord E. Landon, with a violation of The Vehicle Code in permitting an unlicensed driver to operate his motor vehicle. Defendant pleaded guilty to this charge and paid the fine, and subsequently received notice this his operator's license would be suspended for a period of two months.

An appeal was taken from this suspension, in which Riccord E. Landon now argues that he was not in violation of The Vehicle Code, in that Mona Hopkins was not the operator of the motor vehicle, but rather that he was the operator of the vehicle. In addition to that, Mr. Landon also produced testimony at the hearing to indicate that the suspension of his license would cause great hardship and inconvenience.

The first position taken by petitioner is a unique one, in that the court must determine when a person becomes an operator of a vehicle. Under The Vehicle Code of April 29, 1959, P. L. 58, sec. 102, 75 PS 102, it provides:

"Operator—every natural person who is in actual physical control of a motor vehicle or tractor upon a highway whether or not licensed as an operator under the laws of this Commonwealth".

Such being the definition of an operator, Mr. Landon argues that he actually retained physical control over the motor vehicle in spite of the fact that Mona Hopkins was steering.

It is possible that there may be several operators of a motor vehicle. For example, one person may operate the brakes, another the gas and the third the steering wheel. All of them are in physical control of the vehicle, at least to the extent that they are performing their part of the operation.

This court holds that if any unlicensed person is performing an essential part of the operation of a motor vehicle, then the owner or person in control is guilty of a violation of section 626 of The Vehicle Code.

The Legislature of the Commonwealth of Pennsylvania has provided a method whereby those persons who have not learned to drive can make proper application for a permit and are allowed certain privileges on the highway. To permit a person to learn to drive in the manner in which Mona Hopkins and Riccord

E. Landon were doing at the time of this incident obviously creates the type of dangerous situation which should not be permitted on our highways.

We, therefore, hold that the suspension of the license of Riccord E. Landon is proper under the circumstances.

We then come to the second argument advanced by petitioner, Mr. Landon, to the effect that the suspension of his license at this time would create a disastrous situation. The testimony in this case indicates that Riccord E. Landon attends Reynolds High School, which is located in a rural area of Mercer County, and that, in addition thereto, he also maintains full employment at the Mercer Alloys, which is a plant in the vicinity of Reynolds High School.

Mr. Riccord E. Landon lives by himself in Greenville and supports himself by the work that he performs at Mercer Alloys. During the hearing in this matter, a letter was introduced in evidence from the principal of Reynolds High School, indicating his high regard for Riccord E. Landon and asking that this court consider the unusual circumstances of this case.

We are very much impressed with this young man, in that he is obviously applying himself in this world in an effort to succeed. It is difficult for any person of high school age to live by himself, go to high school and maintain full employment in order to support himself. His desire to obtain an education is highly commendable and his industry is gratfying for a young man of his age. In addition thereto, he indicates that he plans to marry Mona Hopkins upon his graduation.

At the conclusion of the hearing, this court requested that counsel for the Commonwealth of Pennsylvania write a letter to the Bureau of Traffic Safety in Harrisburg to determine whether or not this suspension could be delayed until after Riccord E. Landon graduated from Reynolds High School. It was the court's thought

at that time that if the suspension could be delayed until summer time, possibly, Mr. Landon, having graduated from high school, could obtain other transportation back and forth to the Mercer Alloys plant.

We received a copy of a letter addressed to counsel for the Commonwealth of Pennsylvania from the Bureau of Traffic Safety indicating that the suspension could be delayed until after the school term. We commend the supervisor of the Bureau of Traffic Safety for allowing this and feel that this is the most appropriate way to handle this case.

We, therefore, rule that the suspension is proper in this case, but that no suspension shall occur until June 15, 1968, at which time the operator's license of Riccord E. Landon should be suspended for the period of time determined by the Bureau of Traffic Safety, which is two months.

### ORDER

And now, February 6, 1968, the appeal from the order of the Secretary of Revenue suspending the operator's license of Riccord E. Landon is allowed, in that this court orders that the suspension of two months shall be delayed until June 15, 1968. Subject to this delay, all other portions of the order of the Secretary of Revenue suspending the operator's license shall remain in full effect.